## Commonwealth v. Steiner

*A. Clarence Emery*, for the Commonwealth; *Dennis A. O'Neill*, for defendant.

KNIGHT, P. J., March 2, 1934.—The petitioner pleaded guilty to second degree murder, and was sentenced by Williams, P. J., to undergo imprisonment in the Montgomery County Prison for a period of not less than 3 years or more than 10 years, to be computed from October 12, 1931. He now applies for a parole, and we are confronted with the question of our authority to grant the application, even if we look with favor upon it.

This court has decided twice that the Parole Act of June 19, 1911, P. L. 1059, is supplementary to the Probation Act of the same date, P. L. 1055, and as no power in the Probation Act is given the court to suspend the imposition of sentence of one convicted of murder, it is also without power to parole such a convict: Commonwealth v. Thompson, O..& T. of Montgomery County, February term, 1925, no. 34; Commonwealth v. Simmons, 44 Montg. 79.

We have been unable to find any pronouncement of the appellate courts or any decision of the lower tribunals, since Commonwealth v. Simmons, in which a different view is taken, with the exception of Commonwealth v. Fotte, 17 D. & C. 453. In that case, Judge Koch expresses the opinion that the power to parole relates to any convict whose sentence is less than life imprisonment. The judge then goes on to say: "And I think that when a person has an indeterminate sentence imposed upon him, a parole may be considered only upon the expiration of the minimum sentence".

The latest case on the subject seems to be Commonwealth v. Jefferies, 19 D. & C. 70. In that case, the defendant was convicted of voluntary manslaughter and sought a parole. Groff, P. J., held that the Act of February 28, 1905, P. L. 25, required that any person sentenced to imprisonment at labor, by separate or solitary confinement, for any period not less than 1 year, should be imprisoned in the State penitentiary for the proper district. He further holds:

"In our opinion, the sentence imposed in this case makes it a state penitentiary offense and, under the act of assembly in such cases, removes from the court below the power to parole, and places it in the hands of the parole board of the state, the parole to follow the recommendation by the board of prison inspectors, and the proceedings should be as prescribed for the parole of prisoners confined in the state penitentiary, and as regulated by the parole board of the state."

If we adhere to the view heretofore taken in this court, or if we adopt either the view of the Schuylkill County court or that of the Lancaster court, the defendant is not eligible for parole.

And now, March 2, 1934, being of the opinion that we have no power to grant the same, the parole is refused.

From Aaron S. Swartz, Jr., Norristown, Pa.

NOTE.—See Commonwealth v. Arbach, 19 D. & C. 547, and Commonwealth v. Jumbo, 19 D. & C. 549.